## THE CITY OF MARIETTA *v.* MARY EMERSON.

In an action for the recovery of real property under the code of civil procedure, tried on appeal in the district court, the losing party is entitled to a new trial of course, in the same manner as in the court below.

In estimating the number of trials to which the party may be, of right, entitled in the district court, no regard will be had to the number or the result of trials had in the court below.

A motion for a new trial for cause, regularly filed by the losing party, after verdict and before the actual entry of judgment against him on the verdict, is a sufficient demand of another trial and compliance with the statute requiring "notice on the journal."

When the causes for a new trial assigned in the motion, are deemed by the court to be insufficient, the order awarding a new trial should, to furnish a basis on which to determine the rights of the parties to subsequent trials, show that it is awarded as matter of right under the statute, and not for the causes assigned.

IN error to the District Court of Washington county.

The case is stated in the opinion of the court.

*C. B. Goddard,* for plaintiff.

*Clark & Ewart,* and *J. W. Andrews,* for defendant.

BRINKERHOFF, J.    This is a petition in error, filed here to reverse the order of the district court of Washington county, overruling a motion for a new trial, filed in that court by the plaintiff, who was also plaintiff below, in an action for the recovery of real property.    The case was originally tried by a jury in the court of common pleas of Washington county, where a verdict was had for the plaintiff.    Thereupon, on motion by the defendant, the verdict was set aside and a new trial awarded, as a matter of course, under the provisions of sec. 562 of the code of civil procedure, which is as follows:

"In an action for the recovery of real property, the party against whom judgment is rendered, may, at any time during the term at which the judgment is rendered, demand another trial,

by notice on the journal, and thereupon the judgment shall be vacated, and the action shall stand for trial at the next term." The next succeeding section of the code provides that, " No further trial can be had in such action, except upon appeal, unless for good cause shown, as in other actions."

The case having been again tried by a jury in the common pleas, resulting again in a verdict and judgment for the plaintiff, the case was appealed by the defendant to the district court. The case being tried in the district court, there was a verdict for the defendant.

Thereupon the plaintiff, before the entry of judgment on the verdict, moved the court for a new trial *for cause*—the causes appearing in the transcript—but which, not entering into the determination of this case, are passed over. The motion was overruled; and to reverse the order overruling the motion, is the object of this proceeding in error.

The act " regulating appeals to the district court " from the courts of common pleas, provides that " causes appealed shall be again tried, heard and decided in the district court, in the same manner as though the said district court had original jurisdiction of the cause."

On consideration of this state of facts, in connection with the statutes above quoted, this court arrives at the following conclusions:

1. In an action for the recovery of real property under the code of civil procedure, tried on appeal in the district court, the losing party is entitled to a new trial of course, in the same manner as in the court below.

2. In estimating the number of trials to which the party may be of right entitled in the district court, no regard will be had to the number or to the result of trials had in the court below.

3. A motion for a new trial for cause, regularly filed by the losing party after verdict, and before the actual entry of judgment against him on the verdict, is a sufficient demand of another trial and compliance with the statute requiring " notice on the journal."

4. When the causes for a new trial assigned in the motion are
    19

deemed by the court to be insufficient, the order awarding a new trial should, to furnish a basis on which to determine the rights of the parties to subsequent trials, show that it is awarded as matter of right under the statute, and not for the causes assigned.

*Judgment reversed and cause remanded.*